UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x.

CHRISTIAN KILLORAN, on behalf of his son,
AIDEN KILLORAN,

    Plaintiff/Petitioner,

- against -

WESTHAMPTON BEACH SCHOOL DISTRICT,
CAROLYN PROBST – as Superintendent,
MARY ANN AMBROSINI – as Director of Pupil
Personnel Services, SUZANNE MENSCH, JOYCE
DONNESON, GEORGE KAST, and HALSEY STEVENS – as
Board of Education Members,

    Defendant/Respondent.
----------------------------------------------------------------x.

Index #:

CV 22 6467

FILED
IN CLERK
U.S. DIST...  Y.

★ OCT 25 2022

LONG ISLAND OFFICE

SEYBERT, J.

DUNST, M.J.

<u>Plaintiff/Petitioner's Verified Complaint/Petition in Support of his Order to Show Cause</u>

1.    The plaintiff/petitioner is a disabled person entitled to the protection afforded under the Individuals With Disabilities Education Act (IDEA), the Americans With Disabilities Act (ADA), Section 504 of the Rehabilitative Act of 1973 (504) and 42 U.S.C. 1983 (1983).

2.    Notably, as the plaintiff/petitioner presently has a multitude of pending cases before the Court, the Court is very familiar with the scope and nature of the plaintiff/petitioner's ongoing legal claims against the defendant/respondent school district.

3.    In any event, for purposes of reference, the causes of action set forth herein deal exclusively with the 2022-2023 academic year.

<u>IDEA:</u>

4.    On September 15, 2022, the plaintiff/petitioner's "special education teacher", Ms. Brittany Cohen, gave notice to the defendant/respondent school district that she would no longer to be able to provide her services to the plaintiff/petitioner, as she was pursuing another job.

1

5. Notably, since the commencement of the 2021-2022 academic year, Ms. Cohen profiled as the third "special education teacher" appointed by the defendant school district to educate the plaintiff/petitioner.

6. Notably, a Ms. Barbara Harrigan was the plaintiff/petitioner's first teacher in this regard, but she was subsequently dismissed for appearing intoxicated during instructional lessons.

7. And a Ms. Brittany White was the plaintiff/petitioner's second teacher in this regard, but she was eventually employed elsewhere within the defendant/respondent school district when Ms. Cohen was hired.

8. Specifically, Ms. Cohen was appointed as the plaintiff/petitioner's teacher in January 2022.

9. In any event, Beginning September 2022, the defendant/respondent school district began providing its mandated "pendency" educational services in discord with its legal obligations, namely by staffing a teacher who was not certified as being a "special education teacher".

10. Notably, the plaintiff/petitioner was never notified of this fact, nor was the plaintiff/petitioner notified that such person was a contemplated "substitute".

11. In any event, making matters worse, on October 21, 2002, the plaintiff/petitioner received a letter from the defendant/respondent school district stating that it was simply planning on ceasing the provision of a teacher all together, beginning on Monday, October 24, 2022. (See: Plaintiff/Petitioner Exhibit, affixed hereto as "P-1").

12. Notably, this dynamic is actually the second time in which the plaintiff/petitioner has had to bare the suffering of having his educational services simply cease by virtue of the defendant/respondent school district simply failing to staff appropriate personnel.

13. Indeed, in this regard, as the Court is aware, the respondent/defendant school district previously ceased the provision of the plaintiff/petitioner's educational services between the period of December 2018 and May 2019.

14. As a result of the foregoing, the plaintiff/petitioner was instructed that he would be sent "home" after the provision of his "related services", leaving the plaintiff/petitioner's family scrambling for supervision, and worse, the plaintiff/petitioner without any education.

15. In light of the foregoing, there is obviously an immediate "emergency" at hand, since the plaintiff/petitioner's core educational instruction has been terminated as of Monday, October 24, 2022.

16. In this regard, the plaintiff/petitioner respectfully submits that this "emergency" precludes the necessity of any requirement for the plaintiff/petitioner to "administratively exhaust" any claim grounded in the protections afforded by the IDEA.

17. In fact, by virtue of the defendant/respondent school district's actions, the plaintiff/petitioner has begun to suffer an immediate educational deprivation, beginning on October 24, 2022.

18. Stated alternatively, as of October 24, 2022, the plaintiff/petitioner is poised to suffer an immediate preclusion of his right to receive a free and appropriate education (FAPE) as guaranteed by the IDEA.

<u>504:</u>

19. The plaintiff/petitioner re-asserts the statements set forth within paragraphs 1-17 herein.

20. Notably, the defendant/respondent school district is undertaking its actions predicated upon its alleged inability to educate the plaintiff/petitioner due to his disability.

21. By virtue of the respondent/defendant school district's actions, the plaintiff/petitioner is being denied the facilitation of a FAPE.

ADA:

22. The plaintiff/petitioner re-asserts the statements set forth within paragraphs 1-20 herein.

23. By virtue of the respondent/defendant school district's actions, the plaintiff/petitioner is being denied the educational services and benefits legally obligated by the defendant/respondent school district.

24. In addition, the plaintiff/petitioner respectfully submits that the defendant/respondent school district's actions can only be deemed as being alternatively malicious, deliberate, and grossly negligent, as rather than hiring a special education teacher capable of appropriately teaching the plaintiff/petitioner, or incorporating the plaintiff/petitioner within a pre-existing "alternately assessed special class" that is already being implemented within the defendant/respondent high school, the defendant/respondent school district has chosen to simply cease providing the plaintiff/petitioner with any core educational instruction whatsoever.

1983:

25. The plaintiff/petitioner re-asserts the statements set forth within paragraphs 1-23 herein.

26. The plaintiff/petitioner is entitled to the rights of "due process" and "equal protection".

27. Presently, the defendant/respondent school district is allocating its educational resources towards the education of all of its enrolled students – disabled and non-disabled alike.

28. The plaintiff/petitioner is an enrolled student within the defendant/respondent school district, and thus profiles as being similarly situate in this regard to all of the defendant/respondent school district's enrolled students.

4

29. As an enrolled student, the plaintiff/petitioner is entitled to a free and appropriate education (FAPE) as protected by the IDEA.

30. As stated, as of October 24, 2022, the defendant/respondent school district is planning on ceasing the plaintiff/petitioner's core academic instruction.

31. In addition, as of October 24, 2022, the defendant/respondent school district is planning on treating the plaintiff/petitioner unequally to every other enrolled student within the defendant/respondent school district.

Intentional/Negligent Infliction of Emotional Distress:

32. The plaintiff/petitioner re-asserts the statements set forth within paragraphs 1-30 herein.

33. The plaintiff/petitioner respectfully submits that the defendants' plan to simply cease providing the plaintiff/petitioner with a teacher is so wantonly brazen and unconscionable, and moreover is in keeping with the defendants' practice and/or policy of inflicting harm upon the plaintiff/petitioner with callous indifference, so as to merit damages individualized damages.

Injunctive Relief:

34. Clearly, as of October 24, 2022, the plaintiff/petitioner is facing an "emergency", as the defendant/respondent school district is planning on simply ceasing his core educational instruction.

35. Accordingly, as of October 24, 2022, it is clear that the plaintiff/petitioner is facing irreparable harm.

36. Indeed, in this regard, the plaintiff/petitioner implores the Court to imagine a circumstance in which its own family members were suddenly presented with a similar prospect – namely the complete cessation of educational services.

37. The plaintiff/petitioner respectfully submits that he is certain to succeed on the merits of his claims, as there is simply no conceivable allowance for the defendant/respondent school district to simply stop providing the plaintiff/petitioner's core academic instruction, whether within the contours of "pendency" or otherwise.

**WHEREFORE**, the plaintiff/petitioner respectfully prays for the issuance of an immediate equitable "Order", therein compelling the defendant/respondent school district to immediately staff a certified special education teacher capable of facilitating the plaintiff/petitioner's core academic instruction. In addition, the plaintiff/petitioner respectfully prays for a judgment for compensatory education, commencing from the first day of school in September. Finally, the plaintiff/petitioner respectfully prays for a judgment of compensatory and/or punitive damages, as permitted by law, as well as any further relief deemed appropriate by this Court.

Date: 10/24/22

x. _____
Christian Killoran, Plaintiff/Petitioner

Exhibit



# WESTHAMPTON BEACH UNION FREE SCHOOL DISTRICT
340 MILL ROAD, WESTHAMPTON BEACH, NEW YORK 11978
(631) 288-3800 • FAX (631) 288-5920

MaryAnn Ambrosini, Ed.D.  
*Director of Pupil Personnel Services*

Carolyn J. Probst, Ed.D.  
*Superintendent of Schools*

Delivered via email and USPS

October 21, 2022

Mr. and Mrs. Christian Killoran
P.O. Box 1030
Remsenburg, NY 11960

Dear Mr. and Mrs. Killoran,

Since Aiden's special education teacher, Ms. Cohen, gave notice that she would no longer be available to provide home instruction and/or special instruction to Aiden, the District has sought a replacement teacher. During the search for a replacement teacher a substitute teacher familiar with Aiden was provided on a temporary basis. The District has contacted numerous agencies in search of a replacement in addition to posting for the position on the District website. At this time, the District is unable to provide a replacement teacher and therefore will be unable to provide home instruction to Aiden at the Westhampton Free Library. Beginning Monday October 24, 2022, Aiden will receive his related services at the High School and then will be transported home at 9:40am.

The District strongly encourages you to consider allowing Aiden to attend the special class program at Southampton School District recommended at his Annual Review meeting on October 13, 2022. Please notify my office if you would like to consider this option.

Alternatively, the District will continue to search for a replacement teacher to provide the home instruction and special instruction hours. You will be notified when a teacher is available.

Sincerely,

*MAmbrosini*

MaryAnn Ambrosini, Ed.D.
Director of Pupil Personnel Services